IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD G. JOHNSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-2307-RGA |
| OFFICER LISA FLORES, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

At Wilmington, this 24th day of April, 2020, having reviewed the file;

IT IS ORDERD that: (1) the Court **VACATES** the January 9, 2020 Order (D.I. 8) granting Plaintiff leave to proceed *in forma pauperis*; (2) Plaintiff's request to proceed *in forma pauperis* (D.I. 7) is **DENIED**; and (3) Plaintiff shall pay the $400.00 assessed filing fee on or before May 22, 2020, or the case will be dismissed without prejudice, for the reasons that follow:

1. Plaintiff was a pretrial detainee at the Howard R. Young Correctional Institution in Wilmington, Delaware, when he commenced this action on December 19, 2019. Plaintiff sought *in forma pauperis* status, and his request was denied on January 6, 2020, pursuant to 28 U.S.C. § 1915(g) because while incarcerated Plaintiff has filed more than three civil actions that were dismissed as frivolous or for failure to state claims upon which relief may be granted. (*See* D.I. 5). Plaintiff was given thirty days to pay the $400 filing fee.

2. Before the thirty days expired, on January 9, 2020, Plaintiff advised the Court of his release from HRYCI, and on the same date filed a motion for leave to proceed *in forma pauperis*. (D.I. 6, 7). In his motion, Plaintiff states that since he is no longer housed at the HRYCI, he no longer falls under the Prison Litigation Reform Act. He also indicates that he cannot to pay the filing fee. On the same date, the Court granted the motion. (*See* D.I. 8). The motion was granted in error.

3. Because Plaintiff was incarcerated when he filed this civil action, the PLRA applies, even though he has since been released from imprisonment. *See, e.g.*, *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."). Thus, Plaintiff must pay the entire assessed filing fee as originally ordered on January 6, 2020. *See Drayer v. Attorney General*, 81 F. App'x 429, 431 (3d Cir. 2003) ("We agree with the District Court's reasoning that once [plaintiff's] fee obligations under the PLRA accrued, his subsequent release from prison did not relieve him of his obligation under the PLRA to pay the initial fee...."); *see also Torns v. Mississippi Dep't of Corr.*, 421 F. App'x 316 (5th Cir. 2010) (prisoner's release from prison did not entitle him proceed *in forma pauperis* on an action that he had brought while he was a prisoner subject to the "three-strikes" bar); *Harris v. City of New York*, 607 F.3d 18 (2d Cir. 2010) ("three-strikes" provision applies to a prisoner who has been released from custody).

4. Plaintiff's obligation under the PLRA to pay the $400 filing fee did not extinguish upon his release from prison. Accordingly, the Court will vacate the January 9, 2020 order granting the motion to proceed *in forma pauperis* and will deny Plaintiff's

request to proceed *in forma pauperis* filed on January 9, 2020.   (D.I. 7, 8).   Plaintiff must pay the filing fee owed or the case will be dismissed without prejudice.

           /s Richard G. Andrews  
           UNITED STATES DISTRICT JUDGE